Opinion of the court delivered by
Judge Williams.
In this case, the first objection urged by counsel is, that the Justice of the .Peace who issued the warrant, and the Justice who rendered the judgment, were at the time members of the corporation, and as such disqualified to take jurisdiction. It is argued, that if they were offered *169 as witnesses, they would be excluded on the ground of interest, and that they must be equally incompetent to officiate as judges in the suit.
As to the incompetency of members of a corporation to become witnesses; the rule appears tobe that in questions respecting the rights and immunities of a corporation, the. evidence of individuals, who are not individually interested, though members of the corporation may be received. But where corporators, as such, have a private interest, they are then incompetent, (Peake’s Ev. 155. In the courts of some of the States, it has been adjudged, that the members of an incorporated society, to whom property was devised for the support of a school, are incompetent to attest the will. Also where a suit was carried on by a board of chosen freeholders, who in their private capacity had advanced money to carry it on, a member of the board was held a competent witness, being interested in his corporate, and not in private or individual capacity, (Peake’s Ev. 155, in notes.
The case agreed^shows that Samuel Greer and David G. Vance were members of the corporation, and that their interest was only such as was common to every other citizen of the town, and member of the corporation.— If offered as witnesses they could not be excluded from giving testimony, and according to the argument, if they were not incompetent as witnesses, they must be competent, the one to issue the warrant, and the other to try the suit.
But it is argued that the act of incorporation gives no power to sue and recover the tax demanded, in the manner which has been pursued; and that a by-law, conferring this power should have been enacted before the cor-poraiion could be authorized to institute a suit by warrant before a Justice of the Peace. We believe this argument is not supported by the provisions contained in the act of incorporation, nor by the principles of the common law, applicable to corporations.
The act provides, that the corporation shall have various powers and privileges, which it is to exercise and en *170 joy. It confers on the corporation the power to lay and collect taxes, and when this tax was imposed, it became a debt from M’Kee to the corporation. By becoming a mem^er °f that community, he tacitly promises to pay that debt, or any tax which the corporation by its charter was authorized to impose, and for the non-payment, is liable to a suit in the name of the corporation, (3 Blk. Com. 160. An action against him for this default, may be maintained under that clause of the act which says, the corporation shall have power to sue and be sued; as well as under the clause, empowering the corporation to lay and collect taxes, which must necessarily include all means to enforce collection; none of which is so effectual as a suit at law.
It is true, (as has been argued,) that a corporation is the creature of the charter that institutes and gives it being, yet it is equally true, that some things by the common law are incident to a corporation, which it may do without any express provision in the charter of incorporation; as to sue and be sued, purchase and sell, make by-laws and have a common seal. So, that if authority to sue and be sued had been omitted out of the charter, we are of opinion that by the powers which at common law are incident to every corporation, the Mayor and Aldermen of Jonesborough could well commence and prosecute to judgment, this action against M’Kee, and therefore, judgment must be for the corporation.
Judgment accordingly.